UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| GREGORY PAUL VIOLETTE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:17-cv-28-DBH |
| | ) | |
| NORTHERN MAINE REGIONAL REENTRY CENTER, et al., | ) ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT
PURSUANT TO 28 U.S.C. §§ 1915(e)**

In this action, Plaintiff Gregory Paul Violette, a former participant in the reentry program administered by Volunteers of America Northern New England, at its Northern Maine Regional Reentry Center, alleges his federal rights were violated when Case Manager Mr. Pannier "slandered [his] name in [his] weekly program reviews." (Complaint, ECF No. 1.)  Plaintiff has also filed a motion to compel the disclosure of the address of certain individual defendants, and a motion for leave to file an addendum.[1] (Motion to Compel, ECF No. 5; Motion for Leave, ECF No. 6.)

Plaintiff filed an application to proceed in forma pauperis (ECF No. 4), which application the Court granted. (ECF No. 8.)   In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate.  28 U.S.C. § 1915(e)(2).

---

[1] Neither of Plaintiff's motions, if granted, would modify Plaintiff's substantive allegations.

1

Following a review of the complaint in accordance with 28 U.S.C. § 1915(e)(2), I recommend the Court dismiss Plaintiff's complaint.

## STANDARD OF REVIEW

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines" that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14). Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint

may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## BACKGROUND FACTS[2]

Plaintiff alleges that while he was a participant in the reentry program conducted by Volunteers of America Northern New England at its Northern Maine Regional Reentry Center, Mr. Pannier, a case manager, made slanderous statements about Plaintiff in Plaintiff's weekly program reviews.

Plaintiff has joined Mr. Pannier, Ms. Francis, a program manager, the United States Department of Justice, the Federal Bureau of Prisons, Volunteers of America Northern New England, and the Northern Maine Regional Reentry Center as defendants. Plaintiff alleges the defendants other than Mr. Pannier failed to train Mr. Pannier.

## DISCUSSION

"Federal courts are courts of limited jurisdiction. They cannot act in the absence of subject matter jurisdiction, and they have a sua sponte duty to confirm the existence of jurisdiction in the face of apparent jurisdictional defects." *United States v. Univ. of Mass., Worcester*, 812 F.3d 35, 44 (1st Cir. 2016). In this case, Plaintiff, a Maine citizen, has asserted a claim against a group of proposed defendants that includes at least two citizens

---

[2] The facts set forth herein are derived from Plaintiff's complaint.

of Maine (Mr. Pannier and Ms. Francis). Plaintiff thus has not alleged the diversity of citizenship necessary for diversity jurisdiction. 28 U.S.C. § 1332. Given the lack of diversity jurisdiction, and given the absence of any cognizable federal claim based on the alleged defamatory remarks, *see Lluberes v. Uncommon Prods., LLC*, 663 F.3d 6, 23 (1st Cir. 2011) ("defamation is a state cause of action"), this Court lacks subject matter jurisdiction over Plaintiff's claim.

To the extent Plaintiff seeks to proceed against the United States based on his inclusion of the Bureau of Prisons among the named defendants, while this Court has subject matter jurisdiction over certain claims against the United States, 28 U.S.C. § 1346, Plaintiff's claim is based on the conduct of Volunteers for America and its agent, Mr. Pannier, and not the conduct of the Bureau of Prisons. In other words, Plaintiff has not asserted any facts that would support a claim against the Bureau of Prisons. In the absence of a federal claim or an actionable claim against the United States, the Court does not have jurisdiction over the claim Plaintiff has asserted.

## CONCLUSION

Based on the foregoing analysis, after a review in accordance with 28 U.S.C. § 1915(e)(2)(B), I recommend the Court dismiss Plaintiff's complaint.[3]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district

---

[3] If the Court adopts the recommendation, Plaintiff's motion to compel (ECF No. 5), and motion for leave (ECF No. 6) would be moot.

4

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 21st day of March, 2017.